*Stone & May, for appellant.*

*Morrow & Newell, for appellee.*

---

## M. H. MAUPIN'S ADMR. *v.* W. H. PACE ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—58.]

**Rescission of Contract.**

One who is induced to purchase real estate by the false representation of the seller that vacant ground in front of it is a street may have such contract of sale rescinded. A vendee has the right

to rely on representations of the seller which prevents him from ascertaining the facts.

### APPEAL FOM BARREN CIRCUIT COURT.

June 16, 1881.

Opinion by Judge Pryor:

It is manifest from the proof in this case that at the time of the sale by Maupin to the appellee, Pace, that the open piece of ground in front of the property purchased was a public street, and relying on these representations the purchase was made.

The vendee had the right to rely upon those representations, and while he might, by an examination of the city or town records, have ascertained the fact, still he was prevented from doing this by the statements of his vendor that turned out to be false, and of this he had the right to complain. That it was not a street and Maupin without title to it at the time of the sale are facts clearly shown. While a perfect title, by Maupin, if tendered even after five years, would have cured the defect, the purchase-money being unpaid and there being no offer to cancel when appellee knew of the defect in the title, still, without passing on the right or title of Maupin or his administrator subsequently acquired to the street, we find that a title to part of the property is in the infant children of Mrs. Miller. The power of attorney, executed by Mrs. Miller and her husband in the state of Tennessee, was acknowledged before a deputy clerk only, and certified in the same manner, and did not pass Mrs. Miller's title; and besides, the certificate of acknowledgment is defective in not stating that the contents of the instruments were explained to the feme by the official when taking her acknowledgment. The proof shows that the children are infants, certainly some of them, and that the estate of the decedent is not sufficient to pay the debts; and, whether solvent or insolvent under the proof, the contract should have been and was properly rescinded.

The fact that there was no outlet or street when it was represented that a public street existed lessened greatly the value of the lot, and this fact alone gave the chancellor jurisdiction to grant the relief; and while this defect may have been cured after suit was brought an insuperable difficulty is presented in the

way of enforcing the lien, when it is shown that the title to one-fourth of the property is in the infant children of Mrs. Miller. The fact that the property is ordered to be sold to pay the purchase-money does not affect the rights of the administrator, but it is difficult to see how the title is to pass without having those who are invested with title upon the rescission before the court. As this does not affect the administrator the judgment is *affirmed*.

*Lewis & Porter, for appellant.*

*L. McQuown, Hord & Trabue, P. H. Leslie, for appellees.*